IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 4:21-CV-00006 |
| | § | |
| $72,234.01 in UNITED STATES CURRENCY | § | |
| | § | |
| Defendant | § | |

**<u>VERIFIED COMPLAINT FOR FORFEITURE IN REM</u>**

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, brings this complaint and alleges as follows:

<u>Nature of the Action</u>

1. This is an action to forfeit property to the United States for a violation of 21 U.S.C. §841(a)(1) (Distributing, Dispensing, or Possessing with Intent to Distribute or Dispense Controlled Substances by a Practitioner), 21 U.S.C. §846 (Conspiracy to Distribute, Dispense, or Possess with Intent to Distribute or Dispense Controlled Substances by a Practitioner), 18 U.S.C. §1341 (Mail Fraud), 18 U.S.C. §1347 (Health Care Fraud), and 42 U.S.C. §1320a-7b(b)(1) (Soliciting or Receiving Health Care Kickback).

Defendant In Rem

2. The Defendant Property is $72,234.01 in United States Currency seized from Grant Armstrong on July 28, 2020 (hereinafter, "Defendant Property").

Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4. The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it is moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 846, proceeds traceable to such an exchange, and moneys, negotiable instruments, and securities used or intended to be used to facilitate a violation of 21 U.S.C. § 846; and pursuant to 18 U.S.C. § 981 because

it is any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1341, 1347, and 42 U.S.C. § 1320.

Facts

7. The facts and circumstances supporting the forfeiture of the above-described property are briefed below and contained in the Affidavit of Special Agent Bryan Hoy, which is attached hereto and incorporated herein by reference.

a. Law enforcement has been investigating the purchasing and dispensing habits of TEXAS RX PHARMACY (hereinafter, "TXRX") since February 2018 when it was discovered that this independent retail pharmacy was the top purchaser in the State of Texas for certain opioids such as Oxycodone, Hydrocodone, Levorphanol, and Methadone.

b. Records show that in some instances, TXRX has purchased more than 10 times the number of opioids, such as Oxycodone and Methadone, than an average pharmacy in the State of Texas.

c. This large volume of opioid purchases is inconsistent with the known legitimate pharmacy market and is highly indicative of a "pill mill" operation. A "pill mill" is a pharmacy that will violate its corresponding responsibility for the legitimacy of a prescription (see 21 CFR 1306.04(a)) by turning a blind eye to obvious "red flags" for diversion.

d. A review of prescriptions was conducted by law enforcement, who noted TXRX was filling a large quantity of prescriptions that exhibited "red flags" for diversion.

e. Additionally, there were several hand-written changes on certain prescriptions for Primlev®, a brand name for one Oxycodone product manufactured by Akrimax Pharmaceuticals. Because these changes involved a completely different formulation of a schedule II Oxycodone product, any change would have required the submission of a new prescription by the practitioner.

f. Law enforcement interviewed several of the prescribing physicians that had prescriptions for the generic Oxycodone changed to brand name Primlev®. In each case, the physician denied authorizing the drug change, and denied having any knowledge of the change made by the pharmacy.

g. Law enforcement discovered approximately $67 million of payments transferred to TXRX from different Pharmacy Benefit Managers. That money was than distributed among various accounts associated with TXRX and Grant Armstrong.

Potential Claimants

8. The known potential claimants to the Defendant Property are:

a. Grant Armstrong, 6020 West Parker Rd., Suite 270, Plano, Texas 75093,

b. Katherine Jane Armstrong, 6020 West Parker Rd., Suite 270, Plano, Texas 75093,

c. Mr. William McMurrey, Burleson Pate & Gibson, LLP, 900 Jackson Street, Suite 330, Dallas, Texas 75202.

Claim for Relief

9. The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Respectfully submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY

    /s/
Kevin McClendon
Assistant United States Attorney
State Bar No. 13408620
101 East Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)

**CERTIFICATION OF FILING OF MOTION TO SEAL**

Pursuant to Local Rule CV-5(a)(7)(A), undersigned counsel certifies that on January 4, 2021, Plaintiff filed a Motion to Seal Affidavit Supporting the Complaint for Forfeiture In Rem. [Doc. #2]

*/s/ Kevin McClendon*
KEVIN MCCLENDON
Assistant United States Attorney

U.S. v. $72,234.01 in United States Currency - COMPLAINT
Page 5 of 6

## **VERIFICATION PURSUANT TO 28 U.S.C. § 1746**

I, Bryan Hoy, hereby state that:

1. I am a Special Agent with the Internal Revenue Service.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

_____
Bryan Hoy
Special Agent
Internal Revenue Service

Dated: January 4, 2021

# Affidavit Supporting the
# Complaint for Forfeiture In Rem
# Filed Under Seal

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>$72,234.01 IN UNITED STATES<br>CURRENCY,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ No. 4:21-cv-00006 |

## ORDER FOR WARRANT OF ARREST IN REM

TO:  The Clerk of the Court, United States District Court for the Eastern District of Texas

WHEREAS, on January 4, 2021 the United States of America filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against the defendant property, alleging that the property is subject to seizure and civil forfeiture to the United States for the reasons alleged in the complaint; and

WHEREAS, the Court, having reviewed the Complaint and the Government's Application for Warrant of Arrest in Rem, finds, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, Supplemental Rule G(3)(b)(i) provides that the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control;

YOU ARE, THEREFORE, HEREBY COMMANDED to issue an arrest warrant in rem for the defendant property pursuant to Supplemental Rule G(3)(b)(i); and

YOU ARE FURTHER COMMANDED to deliver the arrest warrant in rem to a

person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the Court for that purpose, pursuant to Supplemental Rule G(3)(c)(i).

    IT IS SO ORDERED,

**Order for Warrant of Arrest in Rem - Page 2 of 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>$72,234.01 IN UNITED STATES<br>CURRENCY,<br>Defendant. | § § § § § § § § § | No. 4:21-cv-00006 |

## WARRANT OF ARREST IN REM

TO:   The United States Marshals Service for the Eastern District of Texas and/or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court.

On January 4, 2021, the United States filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against $72,234.01 in United States currency (defendant property) alleging that the property is subject to seizure and forfeiture to the United States for the reasons alleged in the complaint.

The defendant property is currently in the possession, custody, or control of the United States.

In these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the defendant property.

Supplemental Rule G(3)(c)(i) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

**Warrant of Arrest in Rem – Page 1 of 2**

YOU ARE COMMANDED to do the following:

1. To arrest the defendant property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court.

2. Promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individual(s) upon whom copies were served and the manner employed.

Dated:

DAVID O'TOOLE
Clerk of the Court
United States District Court for the
Eastern District of Texas


By: _____
     Deputy Clerk

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$72,234.01 in U.S. currency

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Collin
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kevin McClendon, USAO, 101 E. Park Blvd., Suite 500
Plano, Texas 75074 (972) 509-1201

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 440 Other Civil Rights

**TORTS — PERSONAL INJURY**
- 362 Personal Injury - Med. Malpractice
- 365 Personal Injury - Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- [X] 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
This is an in rem civil forfeiture proceeding pursuant to 21 USC 881

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 01/04/2021

SIGNATURE OF ATTORNEY OF RECORD: /s/ Kevin McClendon

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____